OPINION OF THE COURT
Edward W. McCarty, III, J.
*1004 Motion by order to show cause by Interboro Insurance Company for: (1) an order pursuant to CPLR 2221 (a) (1) and (e) granting leave to renew the order of this court, dated February 1, 2007, and upon renewal, modifying said order by: (a) adding a tenth decretal paragraph decreeing: “No-fault interest shall not apply to claims that were submitted to Interboro Mutual Indemnity Insurance Company and to the New York State Liquidation Bureau as Rehabilitator prior to February 1, 2007, the date Interboro Mutual Indemnity Insurance Company exited rehabilitation”; (b) adding an eleventh decretal paragraph decreeing: “The failure to transmit timely or valid denials, as set forth in Insurance Law [§ ] 5106 (a) and 11 NYCRR 65-3.8 shall not apply to claims received or adjusted between April 4 [sic], 2004 and February 1, 2007”; and (c) adding a twelfth decretal paragraph decreeing: “All actions or arbitrations brought against Interboro Mutual Indemnity Insurance Company during the period of rehabilitation, commencing from April 4 [sic], 2004 and terminating on February 1, 2007 shall be dismissed as violating the stay order that was in effect prior to Interboro Mutual Indemnity Insurance Company’s exiting rehabilitation”; (2) an order compelling Grand Central Medical, EC. to be named as a necessary party for the limited purpose of contesting the issue raised herein as to whether a no-fault penalty rate interest should be assessed against claims adjusted prior to Interboro Mutual Indemnity Insurance Company’s exiting rehabilitation; and (3) such other and further relief as this court deems just and proper, is granted, to the extent set forth herein.
On April 6, 2004, Interboro Mutual Indemnity Insurance Company was placed in rehabilitation and the New York State Superintendent of Insurance was appointed as rehabilitator, pursuant to article 74 of the Insurance Law. A plan of rehabilitation was adopted and approved by this court in an order dated February 1, 2007 and the rehabilitation terminated with the emergence of Interboro Insurance Company. The plan of rehabilitation approved by this court provided for certain payments to creditors during the claims administration period in full satisfaction of their claims. No provision for the payment of interest to any claimant was included in the plan of rehabilitation.
In 2007, subsequent to Interboro’s emergence from rehabilitation, Grand Central commenced an action in Civil Court, Queens County, against Interboro to recover no-fault medical payments. The payments at issue were due in 1999. Denials were not timely made, and, as a result, Grand Central seeks *1005 interest from, the time payments were due in 1999, pursuant to Insurance Law § 5106 (a).
Payment of no-fault interest to Grand Central for the period preceding and during the rehabilitation period would be inconsistent with the terms of the plan of rehabilitation, the policies and practice of the Superintendent of Insurance, and the purpose of Insurance Law § 5106 (a) in prohibiting any reward to a dilatory insurance company.
This application was properly brought to modify this court’s February 1, 2007 order, to clarify that interest is not available on claims due before or during the rehabilitation period. Moreover, Grand Central was properly made a party hereto for the limited purpose of clarifying this issue.
So much of Interboro’s motion as seeks to add a decretal paragraph that no-fault interest shall not apply to claims submitted to Interboro prior to February 1, 2007 is granted.
So much of Interboro’s motion as seeks to add a decretal paragraph that the failure to transmit denials shall not apply to claims received or adjusted during the rehabilitation period is also granted.
It should be noted that Interboro has withdrawn so much of its motion as seeks to dismiss all actions or arbitrations brought against it during the rehabilitation period.
Submit amended order, with notice of settlement.